# EXHIBIT 2

# EXHIBIT 2a

## Case Information

# Alfredo Campos vs. Pedro Edith Franchialfaro, Ethan Trucking, Inc.
CV-05152-205

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Hudspeth County - District Clerk | Civil - Injury or Damage | Motor Vehicle Accident | 6/14/2021 |

## Parties [3]

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | Alfredo Campos | Nick Pena |
| Defendant | Ethan Trucking, Inc. | |
| Defendant | Pedro Edith Franchialfaro | |

## Events [4]

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 6/14/2021 | Filing | Petition | PLAINTIFF?S ORIGINAL PETITION AND JURY DEMAND | POP.pdf |
| 7/12/2021 | Filing | No Fee Documents | Request for Citations | Court - Encl Fees.pdf |
| 8/6/2021 | Filing | No Fee Documents | Aff of Service - Franchialfaro | Aff of Service - Franchialfaro.pdf |
| 8/9/2021 | Filing | No Fee Documents | Aff of Service - Franchialfaro (TTC) | Aff of Service - Franchialfaro (TTC).pdf |

© 2021 Tyler Technologies, Inc. | All Rights Reserved
Version: 2021.7.11.3215



# EXHIBIT 2b

Case 3:21-cv-00190 Document 1-2 Filed 08/17/21 Page 5 of 18

Filed 7/14/2021 4:13 PM
Brenda Sanchez
District Clerk
Hudspeth County, Texas
Lucas Seymour

CV-05152-205                    Hudspeth County - District Clerk

CAUSE NO. **CV-05152**

| | | |
|---|---|---|
| ALFREDO CAMPOS | § | IN THE **205** DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF |
| | § | |
| PEDRO EDITH FRANCHIALFARO, | § | |
| and ETHAN TRUCKING, INC. | § | |
| *Defendants.* | § | HUDSPETH COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ALFREDO CAMPOS, Plaintiff in the above-entitled cause, complaining of ETHAN TRUCKING, INC. and PEDRO EDITH FRANCHIALFARO, Defendants, and would respectfully show the Court as follows:

### I. DISCOVERY

1.01    Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in this case under level 3 as outlined in Rule 190.4 Texas Rules of Civil Procedure.

### II. PARTIES

2.01    Plaintiff ALFREDO CAMPOS ("Plaintiff") is an individual who resides in El Paso, El Paso County, Texas. The last three digits of Plaintiff's Texas driver's license number are 052, and the last three digits of his social security number are 176.

2.02    Defendant ETHAN TRUCKING, INC. ("Defendant Ethan Trucking"), based upon information and belief, is a for-profit corporation organized under the laws of the State of Florida and doing business throughout the country including Texas. Pursuant to Tex. Civ. Prac. & Rem. Code 17.044(a)(1), Defendant Ethan Trucking may be served through the following:

    Service of Process
    Texas Secretary of State
    P.O. Box 12079
    Austin, Texas 78711-2079

Upon receipt of this petition and citation, the Texas Secretary of State is requested to serve the process to:

    **ETHAN TRUCKING, INC.**
    **c/o Yadira Godinez – Registered Agent**
    **10770 SW 172nd Street**
    **Miami, Florida 33157**

**Citation is requested at this time.**

2.03    Defendant PEDRO EDITH FRANCHIALFARO ("Defendant Franchialfaro"), based upon information and belief, is a non-resident individual doing business in the State of Texas at the time of the accrual of the cause of action, that resides in Tampa, Florida. Pursuant to Tex. Civ. Prac. & Rem. Code 17.062, Defendant Franchialfaro may be served through the following:

    Chairman
    Texas Transportation Commission
    125 E. 11th Street
    Austin, Texas 78701

Upon receipt of this petition and citation, the chairman of the Texas Transportation Commission is requested to mail the process to the last known residence of Defendant Franchialfaro at the following addresses:

    **Pedro Edith Franchialfaro**
    **13812 Orchard Court, Apartment 101**
    **Tampa, Florida 33613**

**Citation is requested at this time.**

### III. JURISDICTION

3.01    Venue is proper in Hudspeth County, Texas, pursuant to Tex. Civ. Prac. Rem. Code §15.002(a)(1) because it is the county in which the cause of action accrued.

3.02    The amount of the Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering, emotional distress, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate Plaintiff. Additionally, the medical prognosis and extent of recovery is not currently known. However, in order to comply with the pleading requirements of Tex. R. Civ. P. 47(c)(4), Plaintiff pleads that he seeks monetary relief over $1,000,000. Plaintiff also seeks judgment for all other relief to which Plaintiff is entitled.

### IV. FACTS

4.01    Plaintiff brings this suit as a result of a tractor-trailer collision that occurred on August 8, 2019, on Interstate Highway 10 in Hudspeth County, Texas. On that day, Defendant Franchialfaro was driving a 2012 Freightliner tractor with trailer westbound on IH 10. The area where the collision occurred was under construction and a traffic-control device alerted drivers that the right lane was closed. Defendant Franchialfaro failed to maintain his lane of travel and entered into the closed right lane. Based upon information and belief, Defendant Franchialfaro struck a traffic barrel causing it to hit Plaintiff who was a pedestrian.

4.02    As a result, Plaintiff has suffered serious personal injuries and damages.

4.03    At the time of the wreck, based upon information and belief, Defendant Franchialfaro was acting as an agent or employee of Defendant Ethan within the course and scope of his employment. Defendant Ethan is liable for the acts or omissions of its employees, agents, apparent agents, representatives and/or designees under the doctrine of *Respondeat Superior*.

## V. NEGLIGENCE

*Defendant Franchialfaro*

5.01    Defendant Franchialfaro was negligent in many respects, including but not limited to the following:

   a.   In operating a commercial vehicle in a careless manner;

   b.   In failing to maintain a commercial vehicle under control;

   c.   In failing to watch the road;

   d.   In failing to safely apply brakes to avoid a collision;

   e.   In failing to keep a proper outlook;

   f.   In failing to use due care in operating a commercial vehicle;

   g.   In failing to take timely and/or proper evasive action;

   h.   In failing to pay attention;

   i.   In failing to remain alert;

   j.   In failing to control his speed;

   k.   In failing to maintain his lane of travel;

   l.   In failing to keep a safe distance;

   m.   In driving while distracted;

   n.   In driving while fatigued;

   o.   In making an unsafe lane change;

      p.      In colliding with a pedestrian; and

      q.      In failing to comply with a traffic-control device.

5.02    At the time of the wreck, based upon information and belief, Defendant Franchialfaro was acting as an agent or employee of Defendant Ethan within the course and scope of his employment. Defendant Ethan is liable for the acts or omissions of its employees, agents, apparent agents, representatives and/or designees under the doctrine of *Respondeat Superior*.

5.03    Each of the foregoing acts or omissions of Defendant constituted negligence which was a proximate cause of the above-referenced occurrence and Plaintiff's damages.

### VI. NEGLIGENCE *PER SE*

*Defendant Ethan*

6.01    At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Plaintiff.

6.02    The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks engaged in interstate commerce including Defendant Ethan's commercial trucks and trailers.

6.03    In addition, Texas State and Traffic Laws apply to such trucks operating within the State of Texas.

6.04    There were in force and effect FMCSR regulations that may have been violated by Defendant Ethan including but not limited to the following:

      a.      FMCSR 383.35 and 391.23 regarding background investigation of drivers;

      b.      FMCSR 391.11 regarding driver qualifications;

      c.      FMCSR 391.13 regarding driver training;

      d.      FMCSR 391.25 regarding annual review of driver safety;

  e.  FMCSR 391.27 regarding annual reports of driving violations;

  f.  FMCSR 391.31 regarding driver road testing;

  g.  FMCSR 391.51 regarding qualification and records files;

  h.  FMCSR 395.3 regarding hours of operation; and

  i.  FMCSR 395.8 regarding driver duty status logs.

6.05 Defendant's breach of the duties imposed by the statutes is negligence *per se* which was a proximate cause of the above-referenced occurrence and Plaintiff's injuries and damages.

*Defendant Franchialfaro*

6.06 At the time of the aforesaid collision there were in force and effect FMCSR regulations that may have been violated by Defendant Franchialfaro including but not limited to the following:

  a.  FMCSR 392.3 regarding an ill or fatigued operator;

  b.  FMCSR 392.6 regarding schedules to conform to speed limits;

  c.  FMCSR 395.3 regarding maximum driving time;

  d.  FMCSR 383.110 regarding general knowledge;

  e.  FMCSR 383.111 regarding required knowledge; and

  f.  FMCSR 383.113 regarding required skills.

6.07 At the time of the aforesaid improper driving there were in force and effect Texas State Statutes that were violated by Defendant Franchialfaro including but not limited to the following:

  a.  failing to comply with a traffic-control device - Tex. Transp. Code §544.004;

  b.  driving at an unsafe speed - Tex. Transp. Code §545.351;

  c.  making an unsafe lane change – Tex. Transp. Code §545.060; and

  d.  failing to avoid colliding with a pedestrian – Texas Transp. Code §552.008.

6.08 Defendant's breach of the duties imposed by the statutes is negligence *per se* which was a

proximate cause of the above-referenced occurrence and Plaintiff's injuries and damages.

## VII. NEGLIGENT HIRING, RETENTION, SUPERVISION, ENTRUSTMENT& TRAINING

*Defendant Ethan*

7.01    The tractor-trailer driven by Defendant Franchialfaro, based upon information and belief, was owned by his employer and was negligently entrusted to him.

7.02    Defendant Ethan is responsible for the safe hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the-road truck driver.

7.03    Defendant Ethan had a duty of care to hire, supervise and train its employees, including Defendant Fuente, to drive tractor-trailers in a reasonable and safe manner.

7.04    Defendant Ethan breached its duty to exercise reasonable care and acted negligently and careless in hiring, supervising and training Defendant Franchialfaro for the duties which it could foresee and expect him to perform in the course of his employment.

7.05    Each of the foregoing acts or omissions of Defendant constituted negligence which was a proximate cause of the above-referenced occurrence and Plaintiff's injuries and damages.

## VIII. GROSS NEGLIGENCE

*Defendant Ethan and Defendant Franchialfaro*

8.01    The above-mentioned acts of negligence on the part of Defendants were of such character as to make Defendants guilty of gross negligence. Defendants' acts of negligence when viewed objectively from the standpoint of Defendants involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff. The gross negligence of Defendants was a proximate cause of the collision

*Campos v. Ethan Trucking, , et al.*  Page 7 of 9
Plaintiff's Original Petition and Jury Demand

and of the injuries and damages suffered by Plaintiff. As a result of Defendants' gross negligence, Plaintiff seeks and is entitled to an award of exemplary damages.

## IX. DAMAGES

9.01   As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages and personal injuries and, as provided by Texas law, Plaintiff is entitled to recover for those damages. Plaintiff has suffered damages as follows:

   a. Physical pain sustained in the past;
   b. Physical pain that, in reasonable probability, Plaintiff will sustain in the future;
   c. Physical impairment sustained in the past;
   d. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;
   e. Loss of wage-earning capacity in the past;
   f. Loss of wage-earning capacity that, in reasonable probability, Plaintiff will sustain in the future;
   g. Disfigurement sustained in the past;
   h. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;
   i. Medical care expenses sustained in the past; and
   j. Medical care expenses that, in reasonable probability, Plaintiff will require in the future.

## X. PRAYER FOR RELIEF

10.01   WHEREFORE, Plaintiff prays that Defendants be summoned and appear herein, and that, on final trial, Plaintiff recover from Defendants the following:

   a. Past and future damages as set forth above;
   b. Exemplary damages;
   c. Pre-judgment and post-judgment interest at the highest rate allowed by law; and
   d. For such other relief, at law or at equity to which Plaintiff may show himself entitled.

Respectfully Submitted,

GLASHEEN, VALLES & INDERMAN LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401
(806) 776-1334 - Direct
(806) 329-0593 - Facsimile
efile.nick.pena@gvilaw.com

*/s/ Nicholas Peña*
Nicholas Peña
State Bar No. 24051180

**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury in this cause and pays the required jury fee.

*/s/ Nicholas Peña*
Nicholas Peña

# EXHIBIT 2c

Filed 8/6/2021 2:35 PM
Brenda Sanchez
District Clerk
Hudspeth County, Texas
Lucas Seymour

# VERIFIED RETURN OF SERVICE

Job # 313274

**Client Info:**

GLASHEEN, VALLES & INDERMAN LLP
NICHOLAS PENA, ESQUIRE
1302 TEXAS AVENUE
LUBBOCK, TX 79401

**Case Info:**

**PLAINTIFF:**
ADOLFO CAMPOS
-versus-
**DEFENDANT:**
PEDRO EDITH FRANCHIALFARO AND ETHAN TRUCKING, INC.

STATE OF TEXAS
County of Hudspeth, Texas
Court Case # **CV-05152-205**

**Service Info:**

Date Received: **7/21/2021** at **09:46 PM**
Service: I Served **PEDRO EDITH FRANCHIALFARO**
With: **CITATION; PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**
by leaving with **PEDRO EDITH FRANCHIALFARO, PERSONALLY**

At Residence **13805 CYPRESS WAY #201 TAMPA, FL 33613**
Latitude: **28.073024**, Longitude: **-82.429201**

On **8/5/2021** at **08:27 AM**
Manner of Service: **INDIVIDUAL**
F.S. 48.031(1) INDIVIDUAL SERVICE

**Served Description:** (Approx)

Age: **45**, Sex: **Male**, Race: **Hispanic**, Height: **5' 11"**, Weight: **180**, Hair: **Gray** Glasses: **No**

**Service was Attempted on:**

**(1)** 7/24/2021 at **09:15 AM**, by **JAMES D. WOODS**  Loc: **13812 ORCHARD COURT APARTMENT 101 Tampa, FL 33613**
Notes: Server spoke with the current tenant since 6/11/21, Danielle Gomez, who stated subject does not reside there but they have received mail with his name listed.

I **JAMES D. WOODS** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. FS.92.525(2).



**JAMES D. WOODS**
Lic # **CPS#10-555418**

**CS LEGAL SERVICES**
5424 7TH STREET
Lubbock, TX 79416

Job # 313274




1 of 1

# EXHIBIT 2d

Filed 8/9/2021 4:08 PM
Brenda Sanchez
District Clerk
Hudspeth County, Texas
Lucas Seymour

CAUSE NO. CV-05152-205

| | | |
|---|---|---|
| ALFREDO CAMPOS<br>*Plaintiff* | §<br>§<br>§<br>§<br>§ | IN THE 205th DISTRICT COURT |
| v. | §<br>§<br>§ | OF |
| PEDRO EDITH FRANCHIALFARO,<br>AND ETHAN TRUCKING, INC.<br>*Defendants* | §<br>§<br>§ | HUDSPETH COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

Came to hand on the 20th day of July 2021 at 10:28 a.m.

Executed at 125 E. 11th St., Austin TX 78701 in the County of Travis, on the 6th day of August 2021 by delivering to the within named:

**PEDRO EDITH FRANCHIALFARO: BY AND THROUGH THE CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION**

By certified mail, return receipt requested: 7020 1810 0000 7123 7144, please refer to the green card attached hereto and made a part hereof; a true copy of this CITATION AND PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND.

BEFORE ME, the undersigned authority, this day personally appeared Stephen C. Stone, who after being by me duly sworn, did depose and say: "I am over the age of 18 years, I am of sound mind, capable of making this affidavit, I am not a party to nor interested in the outcome of this suit, I am personally acquainted with the facts stated in this affidavit and all are true and correct." Service fee: $70.00.

_____
Stephen C. Stone, PSC# 4951

SUBSCRIBED AND SWORN TO BEFORE ME, on the 9 day of August 2021, to certify which witness my hand and seal of office.

MARY ELLEN PEREZ
Notary ID #4840596
My Commission Expires
December 21, 2023

_____
NOTARY PUBLIC, STATE OF TEXAS

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

J. Bruce Bugg, Jr., Chairman
Texas Transportation Comm'sh
125 E. 11th St.
Austin, TX 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Randall B_
☐ Agent
☐ Addressee

B. Received by (Printed Name) Randall Tod  C. Date of Delivery 2.06. 0.0.707

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail ☐ Express Mail
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service) 7020 1810 0000 7123 7144

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540